3:10cv01058 (AVC) January 24, 2013. Because summary judgment was granted and this case was terminated, the court construes this motion as a motion to reopen the case and amend the complaint. The motion is DENIED. Rule 15 of the Federal Rules of Civil Procedure provides that leave to amend the pleadings should be "freely give[n] . . . when justice so requires." Fed.R.Civ.P. 15(a)(2). "The rule in this Circuit has been to allow a party to amend its pleadings in the absence of a showing by the nonmovant of prejudice or bad faith." Block v. First Blood Assocs., 988 F.2d 344, 350 (2d Cir.1993). The Second Circuit has referred to the prejudice to the opposing party resulting from a proposed amendment as among the "most important" reasons to deny leave to amend. State Teachers Ret. Bd. v. Fluor Corp., 654 F.2d 843, 856 (2d Cir.1981) (noting that "[r]easons for a proper denial of leave to amend include undue delay, bad faith, futility of amendment, and perhaps most important, the resulting prejudice to the opposing party."). A proposed amendment may be prejudicial when, *iter alia*, it would "require the opponent to expend significant additional resources to conduct discovery and prepare for trial" or "significantly delay the resolution of the dispute." Id.

The plaintiff filed the motion to amend on October 12, 2012, more than two years after commencement of this action, one year after the defendant filed summary judgment, and a month after summary judgment was granted in favor of the defendant and the case was terminated. The plaintiff's motion contains no explanation for this delay, and allowing the plaintiff to amend the complaint at this late hour would be highly prejudicial to the defendant. The plaintiff's motion to reopen the case and amend the complaint is, therefore, DENIED. See Ansam Assocs., Inc. v. Cola Petroleum, Ltd., 760 F.2d 442, 446 (2d Cir.1985) (affirming denial of motion to amend as "especially prejudicial given the fact that discovery had been completed and [the defendant] had already filed a motion for summary judgment"); see also Krumme v. WestPoint Stevens, Inc., 143 F.3d 71, 88 (2d Cir.1998) (affirming denial of motion to amend when the "case was near resolution and discovery had been completed").

                                                /s/
                                   Alfred V. Covello, U.S.D.J.